**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ERICK ROBERTO RANDAN CARRILLO (A-No. 233-783-362),

Petitioner,

v.

CENTRAL VALLEY ANNEX,

Respondent.

Case No. 1:26-cv-05786-JLT-EGC

ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1)

Before the Court is Erick Roberto Randan Carrillo's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition.

## I. FACTUAL BACKGROUND

Petitioner is from Venezuela. (Doc. 6-1 at 1.) Petitioner entered the United States without inspection, at an unknown place and time.[1] (*Id.* at 2.) According to the I-213, Petitioner's

[1] Though Petitioner argues that Respondents violated his due process rights in revoking his release, (*see* Doc. 1 at 6), the regulations he cites—8 C.F.R. §§ 241.4(l), 241.13(i)(3)—correspond to a noncitizen with a final order of removal who was released on an order of supervision after the government was unable to remove them within the initial ninety-day removal period prescribed by law. *See Diaz v. Wofford*, No. 1:25-cv-01079 JLT EPG, 2025 WL 2581575, at *4 (E.D. Cal. Sept. 5, 2025). Such circumstances do not apply to Petitioner's case. Here, Petitioner was only recently placed into removal proceedings on or

application for temporary protective status was terminated on November 20, 2025, but Petitioner's I-589 application for asylum and withholding of removal remains pending with USCIS. (*Id.*) The I-213 further indicates that Petitioner has an approved Employment Authorization application. (*Id.*) According to the I-213, Petitioner is a known member or associate of a Venezuelan Street Gang called Tren De Aragua, however, the I-213 fails to explain the basis of knowledge or provide any detail on how ICE came to such conclusion. (*Id.* at 2, 3.) Petitioner has no criminal record apart from a driving without a valid driver's license offense, for which charges were ultimately dropped under a "nolle prosequi" disposition. (*See* Doc. 6-1 at 3; Doc. 6-2 at 5.)

On June 24, 2026, Petitioner was stopped by ICE during a targeted enforcement operation. (Doc. 6-1 at 2.) According to the I-213, ICE officers attempted to conduct a field interview on Petitioner to determine his immigration status, but Petitioner "fled from officers on foot, refused to comply with officers' commands and refused to be handcuffed." (*Id.*) ICE eventually arrested the Petitioner and subsequently transferred him to the Central Valley Annex Detention Facility in McFarland, California, where he remains. (*Id.*; Doc. 1 at 1.) On July 24, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his due process rights have been violated. (*See* Doc. 1 at 6.) On August 14, 2026, Respondents filed an opposition arguing that Petitioner is detained under 8 U.S.C. § 1226(a) and is eligible for a bond hearing before an immigration judge. (Doc. 6 at 1.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or

---

around June 24, 2026, after being apprehended for the first time by ICE within the interior of the country. (Doc. 6-1 at 2–3.) Indeed, upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that Petitioner's removal proceedings began on around June 24, 2026, and that the case is pending with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited August 26, 2026). As such, the Court concludes that Petitioner entered the United States without inspection or parole and was unencountered for years until his recent arrest in June 2026.

laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also R.P.V.*, *v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment and that Petitioner is entitled to a bond hearing under 8 USC § 1226(a). The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because there is no indication that Respondents have provided Petitioner with any kind of initial custody determination. Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above.
2. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.
3. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether

Petitioner is a danger to the community and presents a flight risk if not detained.

4. **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California, with a copy of this Order.

7. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _August 27, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE